NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0328n.06

Case No. 26-3020

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| | ) | Jul 22, 2026 |
| UNITED STATES OF AMERICA, | ) | KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOSE QUIROS-COLLAZO, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GILMAN, GRIFFIN, and READLER, Circuit Judges.

READLER, Circuit Judge. Jose Quiros-Collazo challenges the procedural and substantive reasonableness of a 14-month prison term the district court imposed after revoking Quiros-Collazo's supervised release for a second time. Seeing no abuse of discretion, we affirm.

I.

After serving a prison sentence for drug trafficking, Jose Quiros-Collazo began a three-year term of supervised release. The conditions of his release required him to refrain from using illicit narcotics, submit to periodic drug testing, and participate in substance-abuse treatment. His release was also contingent on his regular communication and cooperation with his probation officer.

Quiros-Collazo violated those terms from the get-go. Three days in, he tested positive for using marijuana. He did the same the following month. He was also caught driving with an

expired license, an offense he neglected to mention to his probation officer. Apprised of Quiros-Collazo's misdeeds, the district court sent Quiros-Collazo back to prison for roughly 50 days.

Quiros-Collazo then began a new, three-year term of supervised release, subject to the same conditions. Yet history, regrettably, would repeat itself. Not long into the new term, Quiros-Collazo tested positive for marijuana use again. A few months later, his probation officer spotted a digital scale containing marijuana residue at Quiros-Collazo's residence. And over the months that followed, Quiros-Collazo was using cocaine and marijuana, was openly belligerent to his probation officer, and was forgoing required substance abuse treatment. Add to that collection of violations two interactions between Quiros-Collazo and law enforcement, neither of which he reported to his probation officer. Of the two, one involved Quiros-Collazo, apparently under the influence of illegal drugs, running down the middle of a road trying to chase down cars.

These events prompted the district court to once again revoke Quiros-Collazo's supervised-release term. This time, however, the court—operating from a guidelines range of 8 to 14 months—sentenced Quiros-Collazo to the top of that range. On appeal, Quiros-Collazo maintains that his 14-month sentence was unreasonable.

II.

All agree that we review the reasonableness of Quiros-Collazo's sentence under the abuse-of-discretion standard. *See United States v. Johns*, 65 F.4th 891, 893 (6th Cir. 2023). No such abuse occurred here. During the revocation hearing, the district court heard both the probation officer's and Quiros-Collazo's views before turning to the appropriate sentence. When it did, the court voiced its regrets over giving Quiros-Collazo a "huge break" with the prior revocation sentence, noting that Quiros-Collazo's compliance with his release terms seemed to lessen over time. R. 68, PageID at 287–88, 291. In considering the relevant sentencing factors under 18

U.S.C. § 3553(a), the court emphasized its concerns for specific deterrence and public safety as well as Quiros-Collazo's own well being. Further, although not the basis for the sentence, the court acknowledged Quiros-Collazo's battles with mental illness and drug addiction, issues he failed to address while on release. At the hearing's close, the district court imposed a within-Guidelines sentence. Upon Quiros-Collazo's return to prison, the district court hoped that Quiros-Collazo would "take advantage" of programs aimed at addressing his drug use and mental-health struggles, R. 68, PageID 294, issues he had neglected during his supervised release. All in all, we are satisfied the district court "considered the parties' arguments" and had a "reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Quiros-Collazo disagrees, raising questions of process and substance. On the process front, he asserts that the district court ignored his mitigating arguments regarding mental health and substance abuse. Yet as the record reflects, the court repeatedly addressed those concerns at sentencing. As to substantive reasonableness, Quiros-Collazo argues that his sentence was simply too long given his mitigating circumstances. An argument asking us to balance a defendant's sentencing factors differently than the district court is ordinarily "beyond the scope of our appellate review." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). Either way, we presume Quiros-Collazo's within-Guidelines sentence—even one at the top of that range—is reasonable, a presumption he has not overcome. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

\*　　\*　　\*　　\*　　\*

We affirm the judgment of the district court.

3